J-S38045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH LEE RHINE, | : | |
| | : | |
| Appellant | : | No. 2199 MDA 2014 |

Appeal from the Order entered on December 1, 2014
in the Court of Common Pleas of Schuylkill County,
Criminal Division, No(s):  CP-54-CR-0000109-2000;
CP-54-CR-0000173-2001; CP-54-CR-0000679-2000;
CP-54-CR-0000682-2000; CP-54-CR-0000704-2000;
CP-54-CR-0000717-2000; CP-54-CR-0000793-2000;
CP-54-CR-0000850-2000; CP-54-CR-0000902-2000

BEFORE:  WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2015**

Kenneth Lee Rhine ("Rhine"), *pro se*, appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 24, 2000, Rhine entered into a negotiated guilty plea to theft, reckless endangerment, aggravated assault, and receiving stolen property, and was sentenced to an aggregate term of two to four years in prison.  On February 27, 2001, Rhine entered into another negotiated guilty plea to terroristic threats, burglary, theft, and receiving stolen property.  The trial court imposed an aggregate term prison sentence of four to fifteen

years, consecutive to the sentence he was then serving. Rhine filed a direct appeal, which was dismissed by *per curiam* Order on April 20, 2004.

Rhine filed his first PCRA Petition arguing ineffective assistance of counsel, which was denied on July 14, 2005. Rhine did not appeal the denial of his Petition. Rhine filed a second PCRA Petition in October 2011. The PCRA court denied the Petition. This Court affirmed the denial. **See Commonwealth v. Rhine**, 82 A.3d 1051 (Pa. Super. 2013) (unpublished memorandum).

On October 22, 2014, Rhine filed the instant *pro se* petition. After providing Pa.R.Crim.P 907 Notice, PCRA the court denied the Petition on December 1, 2014. Rhine filed a timely Notice of appeal.

We review an order denying a petition under a PCRA viewed in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. **Id.** The PCRA court's decision will be upheld if it is supported by the record and free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment become final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the

Supreme Court of Pennsylvania, or at the expiration time for seeking the review." *Id.* § 9545(b)(3).

Rhine's judgment of sentence became final on May 20, 2004, when the time to Petition for allowance of appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Thus, Rhine had until May 20, 2005, to file a timely PCRA Petition. The current Petition, which was filed in October of 2014, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To establish an exception to the timeliness requirement, the Petitioner must plead and prove: 1) the failure to raise the claim was the result of government interference; 2) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence; or 3) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively. *Id.* Any petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Rhine argues that his prior counsel, Attorney Michael Fiorillo ("Attorney Fiorillo), abandoned him by not filing the requested Notice of appeal from the denial of his first PCRA Petition. Brief for Appellant at 17.

Rhine argues that Attorney Fiorillo's abandonment constitutes a newly discovered fact under 42 Pa.C.S.A. § 9545(b)(1)(ii).[1] *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (holding that pleading abandonment of council is a sufficient factual basis to invoke the timeliness exception at section 9545(b)(1)(ii)). Rhine also argues that Attorney Fiorillo was ineffective in his counseling because he failed to file a Notice of appeal after receiving a request from the Petitioner and Attorney Fiorillo's failure to raise the issue of the illegality of the Petitioner's sentencing. Brief for Appellant at 17.

Rhine has not demonstrated why he could not have earlier learned of Attorney Fiorillo's alleged failure to file an appeal from the denial of the first PCRA Petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Brown* 111 A.3d at 178. Indeed, Rhine could have raised this issue in his second PCRA Petition. Moreover, Rhine's ineffectiveness of counsel claim does not meet one of the three exceptions to the time bar. *See Commonwealth v. Robinson*, 873 A.2d 1157, 1162 (Pa. 2003) (stating that petitions alleging ineffectiveness of

---

[1] To establish the exception at section 9545(b)(i)(ii), the petitioner must demonstrate "(a) the existence of facts that were unknown to him and (b) his exercise of due diligence in discovering those facts." *Commonwealth v. Brown*, 111 A.3d 171, 179 (Pa. Super. 2015).

counsel are still subject to the one year time bar).[2]

We note that Rhine also raises illegality of sentence claims. However, it is well-settled that courts cannot review legality of sentence claims where it does not have jurisdiction. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Because Rhine failed to overcome the untimeliness of his Petition, we may not address the merits of his claim. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2003).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

---

[2] We note that Rhine appears to argue that the Clerk of Courts withheld documents about Attorney Fiorillo's failure to file an appeal. Even if the Clerk of Courts withheld records from Rhine that would have allowed him to file his Petition earlier, Rhine was required to file his Petition within 60 days of discovering the interference. **See** 42 Pa.C.S.A. § 9545(b)(2).